## PATE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 13021.

Circuit Court of Appeals, Eighth Circuit.

June 19, 1945.

Sharon J. Pate, pro se.

---

[3] Section 201, Title 25 U.S.C.A.

Carlton Fox, Sp. Asst. to the Atty. Gen., (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

The question presented in this case is whether the evidence supports a finding of the Tax Court.

The finding assailed by the petitioner is that a gift of real estate made in his life time by James S. Wahl, deceased, should be included in the decedent's gross taxable estate for the reason that the gift constituted a "transfer" by the decedent "in contemplation of * * * his death" within the meaning of § 302(c) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 227.

James S. Wahl died February 17, 1940, a resident of Caruthersville, Missouri, at the age of 75 years. He was twice married. His first wife died September 27, 1928. She was an aunt of Sharon J. Pate, the petitioner, who is also a co-executor and devisee under the decedent's will.

Mr. Wahl and his first wife had no children. They had a strong affection for the petitioner Pate, and Mr. Wahl furnished the money for his education. They made a joint will by the terms of which each gave to the survivor all property of every kind of which he or she might die possessed. The will also provided that the survivor would give petitioner lots 1, 2, 7, 8, and 9, block 10, of Ward's First Addition to the City of Caruthersville, Missouri.

In December, 1929, Mr. Wahl contemplated a second marriage, and he was advised that if he married without first carrying out the provisions of the joint will of himself and his first wife, he would be unable to do so. On December 17, 1929, while he was still a single man, in order to keep faith with her and to carry out his obligation to her under the joint will, he conveyed by warranty deed the above described lots to the petitioner. He then married his second wife on December 22d following. The second wife survived him.

On February 26, 1938, the decedent executed his last will by which he gave to his second wife certain real property and the residue of his estate to his second wife, a niece, and the petitioner, share and share alike.

In determining a deficiency in the estate tax, the Commissioner included in the gross estate said lots 1, 2, 8, and 9 at a valuation of $17,666.66, and upon appeal the Tax Court redetermined a deficiency in the amount of $1,021.87. No complaint is made as to the valuation of the lots. Petitioner's contention is that the Tax Court erred in holding that the transfer was made in contemplation of death. He argues that it was made in contemplation of marriage, and that the case is controlled by the decision of the Supreme Court in Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858.

The last argument referred to is based upon an immaterial situation. By the transfer of December 17, 1929, Wahl reserved the income from the property to himself for life, excepting lot 7 which was occupied by petitioner as a residence. Section 811(c) of the Internal Revenue Code was not in effect in 1929, 26 U.S.C.A. Int.Rev.Code, § 811(c). The case is controlled by § 302(c) of the Revenue Act of 1926. The amendment of 1931 included in § 811(c) of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 811(c), applied to the transfer of property the "right to the income from" which was retained by the decedent for life. The case of Hassett v. Welch, supra, held only that the amendment was not retroactive. Since the decision of the Tax Court was not based upon the amendment, the Hassett case does not apply.

Section 302(c) of the Revenue Act of 1926 required the inclusion in the gross estate of all property transferred by the decedent "in contemplation of * * * his death." The only question in this case, therefore, is whether the finding of the Tax Court that the transfer in question was so made is supported by evidence.

The test for determining when a transfer is made in contemplation of death was stated by the Supreme Court in United States v. Wells, 283 U.S. 102, 51 S.Ct. 446, 451, 75 L.Ed. 867, and the rule there stated has been followed by the courts since. The Court said: "Death must be 'contemplated,' that is, the motive which induces the transfer must be of the sort which leads to testamentary disposition." This test has been applied by the Supreme Court as recently as January 29, 1945, in City Bank Farmers Trust Co. v. McGowan, 323 U.S. 594, 65 S.Ct. 496. For other application of the test,

see Updike v. Commissioner of Internal Revenue, 8 Cir., 88 F.2d 807, and cases cited; and In re Kroger's Estate, 6 Cir., 145 F.2d 901, and cases cited. In the instant case had the property passed under the joint will of the decedent Wahl and his first wife there can be no doubt that it would have been a part of the gross estate. It is equally clear that the deed of conveyance was executed and delivered as a substitute for the promise made to his first wife in connection with their joint will and that the decedent's continuing testamentary motive controlled in the disposition of the property. The undisputed evidence, therefore, clearly supports the finding that the transfer was made in contemplation of death.

The decision of the Tax Court is affirmed.